UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TOMMIE TELFAIR,

    Petitioner,

v.

DAVID E. ORTIZ,

    Respondent.

Civ. No. 19-18872 (KM)

OPINION

## KEVIN MCNULTY, U.S.D.J.

### I. INTRODUCTION

The petitioner, Tommie Telfair, is a federal prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (DE 1.) Petitioner has also filed a motion for bail pending the resolution of this § 2241 petition, as well as two supplemental pleadings in support of his Petition. (DE 1-3, 3, 4.) He was sentenced by District Judge Dennis M. Cavanaugh; in connection with other post-judgment motions, the criminal case was transferred to me after Judge Cavanaugh retired. (*See* Crim. No. 08-757, DE 106 (Feb. 13, 2019))

For the following reasons, I will dismiss the Petition for lack of jurisdiction and deny the motion for bail.

### II. BACKGROUND AND PLEADINGS

In February 2010, Petitioner was convicted by a jury of conspiracy to distribute and possess with intent to distribute 1,000 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A)(I), and of distribution and possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B), and 18 U.S.C. § 2. *See*

Judgment of Conviction, *United States v. Telfair*, Crim. No. 08-0757 (D.N.J. Nov. 23, 2011), DE 95. Petitioner was sentenced to 240 months' imprisonment. *See id.* The U.S. Court of Appeals for the Third Circuit affirmed Petitioner's conviction and sentence. *See United States v. Telfair*, 507 F. App'x 167, 179 (3d Cir. 2012). Petitioner's request for a writ of certiorari to the United States Supreme Court was denied. *See Telfair v. United States*, 571 U.S. 866 (2013), *rehearing denied*, 571 U.S. 1105 (2013).

In October 2013, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See Telfair v. United States*, Civ. No. 13-6585 (D.N.J. Oct. 25, 2013), DE 1. The Honorable Susan D. Wigenton, U.S.D.J., granted Petitioner an evidentiary hearing on his *Miranda*[1] claim, but denied the rest. *See* Order, *Telfair*, Civ No. 13-6585 (Feb. 17, 2016), DE 37. Following the evidentiary hearing, Judge Wigenton denied Petitioner's *Miranda* claim as well. *See* Order, *Telfair*, Civ No. 13-6585 (Sept. 25, 2017), DE 59. The Third Circuit denied Petitioner's request for a certificate of appealability. *See* Order of USCA, *Telfair*, Civ. No. 13-6585 (June 19, 2018), DE 74. Thereafter, Petitioner filed an untimely motion for reconsideration of the denial of his § 2255, as well as a motion under Fed. R. Civ. P. 60(b), which incorporated a request for leave to file a second § 2255 motion. Both of those motions were denied. *See* Opinion and Order, *Telfair*, Civ No. 13-6585 (Nov. 18, 2018), DE 78, 79.

In August 2016, while his § 2255 matter was still pending, Petitioner filed his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his conviction and sentence. *See* Petition, *Telfair v. United States*, Civ. No. 16-5085 (D.N.J. Aug. 19, 2013), DE 1. Judge Wigenton dismissed the petition without prejudice, finding that it was essentially a second motion to vacate his sentence under § 2255 and that any new claims Petitioner raised were time-

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

barred. *See* Opinion, *Telfair*, Civ. No. 16-5085 (Sept. 20, 2016), DE 3. Petitioner filed a motion for reconsideration, which the Court denied on December 1, 2016. *See* Order, *Telfair*, Civ. No. 16-5085 (Dec. 1, 2016), DE 7. The Third Circuit affirmed the dismissal of this § 2241 petition. *See Telfair v. Attorney Gen. United States, et al.*, Civ. No. 16-4417 (3d Cir. Feb. 28, 2017). The Supreme Court denied Petitioner's for a writ of certiorari. *See Telfair v. Sessions*, Civ. No. 16-8636 (U.S. May 15, 2017).

In September 2016, Petitioner filed a second § 2241 petition before then-Chief Judge Jerome B. Simandle, U.S.D.J. *See Telfair v. Lynch, et al.*, Civ. No. 16-5372, 2017 WL 3783693, at *1 (D.N.J. Aug. 30, 2017). Judge Simandle dismissed the petition, finding that it was duplicative of Petitioner's first § 2241 petition before Judge Wigenton. *See id.* at *1-2.

In 2017, Petitioner filed a third § 2241 petition. *See* Petition, *Telfair v. Ortiz*, Civ. No. 17-6065 (D.N.J. Jul. 11, 2017), DE 1. Petitioner argued that the District Court was not a "true" federal court and that it therefore lacked personal jurisdiction over him. *See id.* Judge Wigenton found that the petition was essentially another § 2255 motion. *See* Order, *Telfair*, Civ. No. 17-6065 (Sept. 28, 2017), DE 3. Construing the petition as a § 2255 motion, Judge Wigenton determined that Petitioner's newly raised claims were time-barred. *See id.* The petition was dismissed without prejudice. *See id.*

Beginning in November 2018 and ending in May 2019, Petitioner filed a series of motions and letter applications pursuant to Fed. R. Crim. P. 35 and 18 U.S.C. § 3582. Those applications, filed in his criminal case, sought to challenge or modify his sentence. I denied these motions. *See* Opinion and Order *Telfair*, Crim. No. 08-0757 (Sept. 4, 2019), DE 117.

In April 2019, Petitioner filed a fourth § 2241 petition. *See* Petition, *Telfair v. United States*, Civ. No. 19-9379 (D.N.J. Apr. 8, 2019), DE 1. Here, Petitioner again challenged his

3

conviction arguing that, under the savings clause and pursuant to the Supreme Court's decision in *Rosemond v. United States*, 572 U.S. 65 (2014), he was actually innocent of the offenses for which he had been convicted. *See id.* Judge Simandle dismissed the petition, finding that the Court lacked jurisdiction over the § 2241 case because the Petitioner had the opportunity to, but did not, raise this claim in his § 2255 motion. *See* Opinion, *Telfair v. United States*, Civ. No. 19-9379 (June 21, 2019), DE 3.

In October 2019, Petitioner filed this, his fifth § 2241 petition in this action. (DE 1.) Petitioner simultaneously filed a motion for bail. (DE 1-3.) Petitioner has also filed two supplemental briefs.[2] (DE 3, 4.)

### III. STANDARD OF REVIEW

When a petitioner is proceeding pro se, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007). A pro se habeas petitioner and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996); *see also* 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)).

---

[2] I note that Petitioner has titled his supplemental briefings as a "Motion for Leave to File Supplemental." Within these documents, it is clear that Petitioner simply seeks to supplement his arguments and support his assertion that this Court has jurisdiction over his § 2241 petition. I will consider the arguments contained in these filings but, for administrative purposes, dismiss as moot these filings to the extent they have been docketed as a "Motion for Leave to File Supplemental."

4

## IV. ANALYSIS

In this § 2241 petition, Petitioner raises numerous claims challenging his conviction, including: lack of probable cause to arrest, unlawful detainment after "the conspiracy charges . . . were desolved"; insufficient evidence; flawed jury instructions; speedy trial violations; and ineffective assistance of counsel. (DE 1-1, 3, 4.) Petitioner also argues that he should not have been treated as a career offender, citing *Johnson v. United States*, 135 S. Ct. 2551 (2015), and that he is factually innocent of the charges against him, citing *United States v. Rowe*, 919 F.3d 752, 756 (3d Cir. 2019). (DE 4, at 12-16.) Petitioner states that he has previously been "unable" to challenge the validity of his conviction because the courts have "ignored or failed to address" his claims and because his previous attorneys failed to raise the claims. (DE 1-1, at 17.) As a result, Petitioner asserts that the procedures available to him "DID NOT provide Due Process of Law(s)." (*Id.*)

Under 28 U.S.C. § 2241(c), a petitioner may be entitled to relief if he "is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C.§ 2241(c)(3). Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *See Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). If a petitioner seeks to challenge the validity of his federal conviction or sentence, he must generally raise those claims under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). If, however, the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention," then the petitioner may challenge his conviction under § 2241. *See Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir, 2015) ("[Section] 2255 expressly prohibits a

5

district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is inadequate or ineffective to test the legality of his detention.").

The remedy under § 2255 is only considered "inadequate or ineffective" where a petitioner "demonstrates that some limitation of scope or procedure would prevent the petitioner from receiving adequate adjudication of his or her claims under § 2255. This exception is extremely narrow and applies only in rare circumstances." *Concepcion v. Zickefoose*, 442 F. App'x 622, 623 (3d Cir. 2011) (internal citation and quotation marks omitted); *see also Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). Significantly, § 2255 is not an inadequate or ineffective remedy "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." *Cradle*, 290 F.3d at 539. The rarely-available safety valve of § 2241 "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* Presently, in the Third Circuit, federal prisoners may use a § 2241 to challenge their convictions only where "an intervening U.S. Supreme Court case rendered the conduct of which [they] were convicted no longer criminal and where [they] did not have an earlier opportunity to present [that] claim." *Lafond v. Attorney Gen. of the United States,* 774 F. App'x 718, 719 (3d Cir. 2019); *see also Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).

Here (setting aside the *Rowe* argument for a moment), each of Petitioner's claims either has been, or could have been, raised in his prior § 2255 or § 2241 motions. Petitioner's current § 2241 petition does not present new facts or information that were previously unavailable to him. Nor does he identify a cognizable excuse for failing to raise these claims earlier. Indeed, Petitioner concedes that he *did* raise these claims in his previous petitions; he merely contends

6

that, because he did not prevail, the courts did not properly address his claims. (DE 1-1, at 17.) "[A] previous denial of § 2255 relief does not render § 2255 inadequate or ineffective." *Id.* (citing *Cradle*, 290 F.3d at 539); *see also Smith v. Warden Lewisburg USP*, 614 F. App'x 52, 55 (3d Cir. 2015) (holding that a petitioner's lack of success on his claims does not render § 2255 inadequate or ineffective, nor does it make reliance on § 2241 appropriate). Petitioner cannot use § 2241 as a vehicle to relitigate his claims. *See Diaz-Pabon v. Warden*, 160 F. App'x 251, 254 (3d Cir. 2005). Petitioner has not demonstrated that his previous § 2255 motions were inadequate or ineffective to test the legality of his detention; as a result, this Court does not have jurisdiction to hear these claims under § 2241.

Petitioner's *Rowe* claim, however, is one which he has not previously had the opportunity to litigate, because that case was not decided until April 2019. The Third Circuit held in *Rowe* that separate acts of distribution of controlled substances are distinct offenses, and that the government cannot aggregate weights from separate transactions to prove an individual is guilty of possession with intent to distribute 1,000 grams or more of a controlled dangerous substance. *Rowe*, 919 F.3d at 760-61. Based upon this ruling, Petitioner argues that he cannot be guilty of conspiracy to distribute 1,000 grams or more of heroin because the government did not provide proof that he possessed 1,000 grams or more of heroin on one single occasion. (DE 4, at 12.)

I take no position on whether the Petitioner is interpreting *Rowe* correctly in relation to his conspiracy conviction. *Rowe* is not available as a source of relief because it is not an intervening Supreme Court case which has been made retroactively available on collateral review. Under Third Circuit case law, a petitioner must assert "a claim of actual innocence on the theory that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening *Supreme Court* decision and our own precedent construing an intervening

Supreme Court decision" in order to fall under the inadequate or ineffective safety valve of § 2241. *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013) (emphasis added). Thus, to bring this claim in a § 2241 petition, the intervening change must go to the criminality of the defendant's acts, and must come from the Supreme Court. *See Lafond,* 774 F. App'x at 719 (affirming District Court's order dismissing a § 2241 petition because the petitioner did not argue he was "detained for conduct that has subsequently been rendered non-criminal by an intervening *Supreme Court* decision") (emphasis added); *Bruce,* 868 F.3d at 180 ("What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening *Supreme Court* decision issued.") (emphasis added). Accordingly, since Petitioner does not rely on an intervening, retroactive change in Supreme Court case law rendering the charged acts non-criminal, his claim cannot be brought under § 2241 and this Court lacks jurisdiction to entertain Petitioner's claims under § 2241. I will, therefore, dismiss Petitioner's § 2241 petition for lack of jurisdiction. I will also deny as moot Petitioner's motion for bail pending the resolution of his petition.[3]

## V. CONCLUSION

For the foregoing reasons, I will dismiss the Petition (DE 1) for a lack of jurisdiction and deny the motion for bail (DE 1-3). An appropriate order follows.

DATED: November 4, 2019

KEVIN MCNULTY
United States District Judge

---

[3] To the extent this application might be considered one for leave to file a second or successive § 2255 motion, it is denied. Such a motion must be directed to the Court of Appeals. 28 U.S.C. § 2255(h); *see also* 28 U.S.C §2244(b).

8